UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LEE ENOCHS,

    Petitioner,

v.

                                  CASE NO. 2:12-CV-11507
                                  HONORABLE GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

J.S. WALTON,

    Respondent.
_____/

**<u>OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241</u>**

      Anthony Lee Enochs, ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"), seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges his federal conviction for conspiracy to distribute oxycodone, U.S.C. § 21:846, and his state court conviction for operating under the influence of liquor (O.U.I.L.), third offense, M.C.L.A. 257.625; and driving on a suspended license (D.W.L.S.), M.C.L.A. 257.904. For the reasons stated below, the petition for writ of habeas corpus is **DENIED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE.**

### I. Background

      On October 6, 2009, petitioner was arrested on federal drug charges. On February 2, 2010, petitioner pleaded guilty in the United States District Court for

the Eastern District of Kentucky to conspiracy to distribute oxycodone. Petitioner was sentenced on October 14, 2010 to one hundred months in prison, three years supervised release, as well as various fines and costs. Petitioner arrived at FCI-Milan on December 16, 2010.

On February 1, 2011, federal officials at FCI-Milan released petitioner into the custody of deputies from the Oakland County Sheriff's Department, who took petitioner back to Oakland County. On February 9, 2011, petitioner was arraigned on a charge of O.U.I.L., third offense and D.W.L.S. in the 52nd District Court in Novi, Michigan. On February 9, 2011, petitioner waived his preliminary examination in the district court and was bound over to the Oakland County Circuit Court. On February 28, 2011, petitioner pleaded guilty to the charges in the Oakland County Circuit Court. On March 15, 2011, petitioner was sentenced to one to five years in prison on the O.U.I.L., third offense conviction and received forty four days in jail on the D.W.L.S. conviction.

Petitioner claims that the federal authorities violated the Interstate Agreement on Detainers Act (IAD) by turning petitioner over to the State of Michigan, claiming that the State of Michigan never placed a detainer on petitioner prior to his being delivered by federal officials to the State of Michigan. Petitioner further claims that the federal authorities lost jurisdiction over his case by handing him over to the State of Michigan when no detainer had been placed on him by the State of Michigan and petitioner had not filed a request to be turned

over to the State of Michigan. Petitioner further claims that the federal and state governments violated the anti-shuttling provisions of the IAD. Petitioner further claims that his trial counsel in the state court was ineffective for failing to move for the dismissal of his state court criminal charges based on the violation of the provisions of the IAD. Lastly, petitioner contends that his state court convictions should be set aside because the arrest warrant in his Oakland County criminal case was invalid.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out

any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796(additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

Petitioner initially contends that his federal and state convictions should be set aside because of the alleged violation of his rights under the IAD by the federal government and the State of Michigan. The Sixth Circuit has repeatedly held that alleged violations of the Interstate Agreement on Detainers Act are not cognizable on federal habeas review, absent a fundamental defect that results in a complete miscarriage of justice. *See Curtis v. U.S.,* 123 Fed. Appx. 179, 184-85 (6th Cir. 2005)(federal prisoner was not entitled to habeas relief under § 2241 regarding claim that United States violated Interstate Agreement on Detainers by failing to seek his return from state custody, absent resulting complete miscarriage of justice); *Browning v. Foltz,* 837 F.2d 276 , 283 (6th Cir. 1988)(violations of Interstate Agreement on Detainers Act do not provide basis for habeas corpus relief under § 2254)*; Metheny v. Hamby*, 835 F. 2d 672, 673-75 (6th Cir.1987)(state prisoner's claim that state had violated trial-before-return

provision of Interstate Agreement on Detainers Act was not fundamental defect cognizable in federal habeas corpus proceeding brought pursuant to 28 U.S.C.§ 2254, absent exceptional circumstances); *Mars v. United States*, 615 F.2d 704, 707 (6th Cir.1980)(federal inmate was not entitled to post-conviction relief pursuant to 28 U.S.C. § 2255 on his claim that he was not returned to state custody without having been first tried on his federal charges, as this violation of the IAD fell "far short of a 'fundamental defect' causing a 'complete miscarriage of justice' or of 'exceptional circumstances' that might justify § 2255 relief.").

Moreover, even if petitioner's claim was cognizable, petitioner would not be entitled to having his federal conviction overturned, because even if the federal government violated the provisions of the IAD by transferring petitioner to the State of Michigan, this transfer had no practical or legal effect on petitioner's federal conviction that would justify setting it aside. *See U.S. v. Gallipoli,* 599 F.2d 100, 102 (5th Cir. 1979)(transfer of defendant, in federal custody in Florida, to State of Florida, had no practical or legal effect on his subsequent federal convictions, and if defendant had any rights to challenge such transfer they were properly assertable only as part of proceedings on Florida State charge). If any wrong has been done to petitioner due to the transfer between the United States and Michigan, that wrong would arise out of whatever adverse consequences ensued from petitioner's Michigan convictions. *Id.* Accordingly, petitioner is not entitled to habeas relief from his federal conviction on the basis of any alleged

5

violation of the Interstate Agreement on Detainers Act.

To the extent that petitioner seeks to challenge his state court convictions in his current petition, he would not be entitled to do so for several reasons.

First, petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and not under 28 U.S.C. § 2254, the provision for state prisoners who seek habeas relief from their convictions.

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). 28 U.S.C.§ 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). The Sixth Circuit has noted that "numerous federal decisions ...support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for

obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006)(emphasis original); *See also Allen v. White*, 185 Fed.Appx. 487, 490 (6th Cir. 2006)("In light of the serious question whether a state prisoner *may* proceed under § 2241, there is no reason to think that a state prisoner (like Allen) *must* proceed under § 2241, or, a fortiori, that a court commits error by not converting a petition under § 2254 into one under § 2241)(emphasis original).

Therefore, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002).

> "[W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)."
>
> *Greene v. Tennessee Dep't of Corr.*, 265 F. 3d 369, 371 (6th Cir. 2001)(quoting *Walker v. O'Brien,* 216 F. 3d 626, 633 (7th Cir. 2000)).

In the present case, to the extent that petitioner is challenging his state court conviction in the Oakland County Circuit Court, 28 U.S.C. § 2254 is the exclusive vehicle for challenging a state court conviction. Moreover, because of the limitations placed by the AEDPA on the filing of second or successive habeas petitions by state prisoners, a federal court should not convert a § 2241 petition

7

brought by a state prisoner into a petition brought pursuant to § 2254. *See e.g. Martin v. Overton,* 391 F. 3d 710, 713 (6th Cir. 2004).

Secondly, petitioner has named the warden of FCI-Milan as the respondent in this case and not the appropriate state officials. Petitioner's failure to name the appropriate state official, rather than the warden at FCI-Milan, as the respondent, would require the dismissal of his petition had it been brought pursuant to 28 U.S.C. § 2254. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 and n. 1 (E.D. Mich. 2000).

Finally, even if petitioner had filed this petition pursuant to 28 U.S.C. § 2254 and had named the correct state official as respondent, his petition would be subject to dismissal because there is no indication that he ever exhausted his state court remedies with respect to his state court convictions.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan

conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). The AEDPA preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The mere fact that petitioner is attempting to challenge his state court conviction under 28 U.S.C. § 2241 does not excuse him from the exhaustion requirement. *See e.g. Collins v. Million,* 121 Fed. Appx. 628, 630 (6th Cir. 2005). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). In the present case, petitioner does not allege in his petition that he exhausted his remedies with respect to his state court convictions. [1]

---

[1] There is no indication from the Michigan Court of Appeals' website or from Westlaw that the petitioner ever appealed his state court conviction to the Michigan Court of Appeals or the Michigan Supreme Court. The Court obtained this information from the Michigan Court of Appeals' website,

At the time of petitioner's conviction, petitioner had twelve months after his sentence pursuant to M.C.R. 7.205(F)(3) to file a delayed application for leave to appeal. *See e.g. Williams v. Birkett,* 670 F. 3d 729, 731 (6th Cir. 2012). [2]  Because petitioner was sentenced on March 15, 2011, the time for him to seek direct appellate review of his case appears to have expired.  This does not mean, however, that petitioner does not have an available state court remedy with which to exhaust his claims.

Petitioner could exhaust his claims regarding his state court convictions by filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Oakland County Circuit Court. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009).  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an

---

coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com.  Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).  A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

[2]  In June of 2011, M.C.R. 7.205(F)(3) was amended to require that any delayed application for leave to appeal be filed with the Michigan Court of Appeals within six months of the judgment of sentence. M.C.R. 7.205(F)(3).   It is unclear whether this amended court rule would be applied retroactively to petitioner's case, in light of the fact that he was sentenced prior to the amendment of the court rule.  Even if petitioner's case is subject to the old twelve month deadline, the time period for filing a direct appeal has passed in this case.

application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). A defendant's criminal conviction is reviewable in accordance with M.C.R. 6.500 *et. seq.* when the time limitation for filing an application for leave to appeal has expired. *See People v. Caston*, 228 Mich. App. 291, 297-98; 579 N.W. 2d 368 (1998). Because petitioner has failed to exhaust his state court remedies, any habeas challenge to his state court convictions is premature.

### III. ORDER

**Accordingly, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED WITH PREJUDICE** with respect to petitioner's federal conviction for conspiracy to distribute oxycodone and is **DISMISSED WITHOUT PREJUDICE** with respect to petitioner's state court convictions for O.U.I.L., third degree and D.W.L.S. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Dated: April 19, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 19, 2012, by electronic and/or ordinary mail and also to Anthony Enochs, Milan Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160.

S/Josephine Chaffee
Deputy Clerk